SUMMARY ORDER

Petitioner Cheng Lin, a native and citizen of the People’s Republic of China, seeks review of an April 18, 2008 order of the BIA affirming the August 14, 2006 decision of Immigration Judge (“IJ”) Helen Sichel denying his applications for asylum, withholding of removal, and relief un *372 der the Convention Against Torture (“CAT”). In re Cheng Lin, No. A 77 977 548 (B.I.A. Apr. 18, 2008), aff'g No. A 77 977 548 (Immig. Ct. N.Y. City Aug. 14 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yarn Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, while the IJ made a “split” credibility determination, the BIA found only that the Petitioner had failed to meet his burden of proof. Thus, it is not clear whether the BIA adopted the IJ’s credibility determination. In such circumstances, we should not rest our ruling on the IJ’s credibility findings. See id. at 271-72 (assuming, without determining, the petitioner’s credibility as to his testimony concerning past events and as to his subjective fear of future persecution).
We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because the Petitioner failed to challenge before this Court either the agency’s denial of his CAT claim or the agency’s finding that he was not entitled to humanitarian asylum, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Substantial evidence supports the agency’s denial of the Petitioner’s asylum and withholding of removal claims. The Petitioner argues that he suffered past persecution because of the deaths of his girlfriend and unborn child during a forced abortion procedure. However, a forced abortion constitutes persecution only with respect to the individual who actually undergoes the procedure. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007). The BIA determined that the Petitioner did not qualify for humanitarian asylum, a finding that the Petitioner failed to challenge. He has therefore waived any challenge to the finding. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
The Petitioner argues that he demonstrated “other resistance” to China’s family planning policy; however, impregnating one’s girlfriend is not an act of resistance, see Matter of S-L-L-, 24 I. & N. Dec. 1, 10 (B.I.A.2006); and the Petitioner’s failure to “surrender [his girlfriend] voluntarily,” does not constitute “resistance” because hiding is not an “overt form[ ] of resistance.” See In re SL-L, 24 I. & N. Dec. at 10. Even assuming that the Petitioner engaged in other resistance for the reasons discussed above, he has not demonstrated that he was persecuted on account of that resistance. See 8 U.S.C. § 1101(a)(42); Shi Liang Lin, 494 F.3d at 313.
As to the Petitioner’s asserted fear of future persecution, “[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum.” Qun Yang v. McEl-roy, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); see also Matter of Sibrun, 18 I. & N. Dec. 354, 359 (BIA 1983).
Because the agency properly found that the Petitioner failed to show the objective likelihood of persecution needed to support an asylum claim, he is also unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have com *373 pleted our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.